**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:26-cv-238 |
| | § | |
| | § | JURY TRIAL DEMANDED |
| CURRENT LIGHTING SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ultravision Technologies, LLC ("Ultravision"), files this Complaint (the "Complaint") in this Western District of Texas (the "Judicial District") against Defendant Current Lighting Solutions, LLC ("Defendant" or "Current") for infringement of U.S. Patent No. 10,891,881 (the "'881 Patent"), U.S. Patent No. 9,685,102 (the "'102 Patent"), U.S. Patent No. 9,589,488 (the "'488 Patent"), and U.S. Patent No. 9,659,511 (the "'511 Patent") (collectively the "Patents-in-Suit") and alleges as follows:

**THE PARTIES**

1.     Ultravision is a limited liability company organized and existing under the laws of the State of Delaware and is registered to do business in Texas. Ultravision has its principal place of business at 4542 McEwen Road, Dallas, Texas 75244.

2.     Upon information and belief, Defendant Current Lighting Solutions, LLC is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 701 Millennium Blvd, Greenville, South Carolina 29607. Current may be served with process via its registered agents, including at least Corporate Creations Network Inc., 2595 N Dallas Pkwy, Suite 350, Frisco, TX 75034, and/or via Current's corporate officers.

**JURISDICTION**

3.       This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.       Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and Judicial District, including: (A) at least part of its infringing activities alleged herein which purposefully avail the Defendant of the privilege of conducting those activities in this state and this Judicial District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this Judicial District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and imported and services provided to and targeting Texas residents and residents of this Judicial District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

5.       Upon information and belief, Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others (including, but not limited to, its subsidiaries and alter egos) in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas (including, for example, offering, selling, and/or shipping product into this Judicial District, e.g., in Midland, Texas), and elsewhere in the United States. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum with respect to both general and specific personal jurisdiction.

6.    As further alleged herein, since at least February 1, 2022, Current Lighting Solutions, LLC has directed, controlled, and operated the combination of businesses that were previously known as GE Current and Hubbell Incorporated's commercial and industrial [C&I] lighting business, and Current indicated that the combined businesses "create[d] a powerhouse in the LED lighting and controls market" that "now offers an extensive product portfolio of lamps, fixtures and controls, uniquely tailored to C&I, Signage, Roadway, Horticulture and Transportation markets." *See* GE Current, a Daintree company, Completes the Acquisition of Hubbell® C&I Lighting Business to Create Current, CURRENT LIGHTING SOLUTIONS, LLC, https://www.led.com/inspiration/acquisition-of-hubbell-commercial-industrial-lighting-business-complete (Feb. 1, 2022) (last visited April 24, 2026). As a part of Current, "Hubbell's C&I lighting business is a leading provider of professional lighting, lighting controls and connected lighting that offers a comprehensive range of indoor and outdoor lighting products for industrial, commercial and institutional applications." *Id.* "Brands that are part of the acquisition include Architectural Area Lighting, Beacon, Litecontrol, Kim Lighting, Columbia Lighting, Prescolite, Dual-Lite, Compass, Kurt Versen, Hubbell Outdoor Lighting, Hubbell Controls Solutions and Whiteway." *Id.* "The acquisition also expand[ed] Current's base of distribution partnerships and specific agent networks for the defined businesses and brands." *Id.* On information and belief, Current's distributors and agents for offering, selling, distributing, importing, and/or providing infringing products in this Judicial District, Texas, and the United States include at least Bell & McCoy Lighting and Controls as an agent for the "Texas" region, at least 24 "Authorized Distributors" in this Judicial District, and online retailers that offer, sell, import, and/or distribute infringing product to the United States, Texas, and this Judicial District. *See Find an Agent,* HLI SOLUTIONS, INC., https://www.currentlighting.com/find-an-agent (last visited April 24, 2026) (listing "Bell and McCoy Lighting and Controls / 9065 Jollyville Road / Austin, TX 78759 / United States /

512.719.1800" as "Authorized Agents" for the "Texas" Region); *Where to Buy,* HLI SOLUTIONS, INC., https://www.currentlighting.com/where-to-buy (last visited June 9, 2026) (listing, for example, "BORDER STATES ELECTRIC SUPPLY / 5206 PRINCETON AVE / MIDLAND, TX 79703-4563 / United States / 432-520-0230," "1911 W FLORIDA AVE / MIDLAND, TX 79701-7715 / United States / 432-687-1721," and SOUTHWESTERN ELECTRIC & SUPPLY, 407 BAYLOR ST / AUSTIN, TX 78703-5313 / United States / 512-320-0900" among numerous "Authorized Distributors" in the Judicial District); *Hubbell Outdoor Lighting RAR2-140 140W RATIO LED Area/Site Fixture, 4000K, Type 3, 18000 Lumens, Dark Bronze,* ELECTRIC BARGAIN STORE, https://www.electricbargainstores.com/product-p/hubbell-rar2-140.htm (last visited June 9, 2026); *Your Cart,* ELECTRIC BARGAIN STORE, https://www.electricbargainstores.com/ShoppingCart.asp? (last visited June 9, 2026) (showing a "Total" of "$822.78" and offering "Checkout with Credit Card" for "1" unit of "Hubbell Outdoor Lighting RAR2-140 140W RATIO LED Area/Site Fixture, 4000K, Type 3, 18000 Lumens, Dark Bronze" at a price of "$782.80" and including "Ground Shipping $39.98" for shipping to an address in either Midland, Texas at "United States, TX 79703" or Austin, Texas at "United States, TX, 78759").

7.    On information and belief, Current Lighting Solutions, LLC, via its own operations, employees, agents, and/or alter egos, imports, makes, uses, sells, and/or offers to sell product in the stream of commerce that infringes at least one of the Patents-in-Suit, for example, under the BEACON, KIM, ARCHITECTURAL AREA LIGHTING, EXO, HLI, HLI SOLUTIONS, INC., HUBBELL, HUBBELL LIGHTING, EVOLVE, GLI, GE CURRENT, and/or CURRENT brand, knowing, intending and/or being willfully blind of the fact that the product will be used, sold, and/or offered for sell in the United States, in Texas, and in this Judicial District. *See, e.g.*, *Area, Site & Roadway*, HLI SOLUTIONS, INC., https://www.currentlighting.com/outdoor-lighting/area-

site-roadway (last visited Apr. 30, 2026) (listing Current's BEACON, KIM, ARCHITECTURAL AREA LIGHTING, AND EXO area lighting products, including at least products "with Type 3" and "Type 4" optics); *Area & Site Lighting*, CURRENT LIGHTING SOLUTIONS, LLC, https://www.led.com/outdoor-lighting/area-and-site (last visited Apr. 30, 2026) (listing Current's Evolve and EAP1 area lighting products, including at least products "with Type 3" and "Type 4" optics). Further, on information and belief, current maintains a regular and established place of business, The Institute @Current, located in Williamson County at 710 Hesters Crossing Rd, Suite 190, Round Rock, TX 78681, in this Judicial District among any other Current Group sales operations and/or locations owned, leased and/or operated in Texas and/or this Judicial District. *See, e.g., The Institute*, HLI SOLUTIONS, INC., https://www.currentlighting.com/resources/the-institute (last visited Apr. 24, 2026) (listing an Institute location in this Judicial District); *Commits to 15,000-Square-Foot Lease at Austin, Texas Facility*, HLI SOLUTIONS, INC., https://www.currentlighting.com/inspiration/signs-15000-square-foot-lease-at-austin-texas-facility (last visited Apr. 24, 2026) (describing Current's "15,000-square-foot lease" for a facility in this Judicial District, that "will be home to lighting controls Design Center of Excellence and the company's third Lighting Solutions Center training facility" and noting "[t]his new facility will house seven functional teams comprised of product owners, engineers, software and mobile app developers, UX designers and other development associates" and "will also feature a fully operational testing lab where the company will test the integration of solutions with third-party partners and perform simulations and tests to ensure customer quality, performance and reliability expectations are met"). Current Lighting Solutions, LLC also has solicited and continues to solicit employment for employees in the United States, Texas, and this Judicial District including this Judicial District, for example, by publishing job postings for "Software Verification (Testing) Engineer," "C# Software Engineer" and "Embedded Firmware Engineer Intern/CoOp" positions

for designing and developing Current products in this Judicial District. *See Current Openings (3 of 3),* CURRENT, https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=47265edf-244d-45d7-ad34-fc81d446a318&ccId=19000101_000001&lang=en_US (last visited Apr. 24, 2026); *Software Verification (Testing) Engineer,* CURRENT, https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=47265edf-244d-45d7-ad34-fc81d446a318&ccId=19000101_000001&lang=en_US&jobId=610237 (last visited Apr. 24, 2026); *C# Software Engineer,* CURRENT, https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=47265edf-244d-45d7-ad34-fc81d446a318&ccId=19000101_000001&lang=en_US&jobId=609331 (last visited Apr. 24, 2026); *Embedded Firmware Engineer Intern/CoOp,* CURRENT, https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=47265edf-244d-45d7-ad34-fc81d446a318&ccId=19000101_000001&lang=en_US&jobId=605851 (last visited Apr. 24, 2026). At least these actions by Current Lighting Solutions, LLC indicate that it purposefully directs its activities to Texas and does reasonably expect that infringing LED products will be sold in Texas, including in this Judicial District.

8.     Upon information and belief, Defendant transacts substantial business in the State of Texas, including in this Judicial District. Defendant has committed acts of infringement in the State of Texas, by among other things, offering to sell and selling products that infringe at least one of the Patents-in-Suit, including the accused products as alleged herein, as well as providing service and support to their customers in the State of Texas.

9.     Upon information and belief, Defendant has made, used, offered for sale or sold products that infringe at least one of the Patents-in-Suit, said products including, for example, LED lighting, area lights, parking lights and/or street lights with Type II, Type III, or Type IV optics

(the "Accused Products"), to customers in Texas, or imported Accused Products into the United States to Texas. Upon information and belief, Defendant, directly or indirectly, knowingly participates in the stream of commerce that results in products, including the Accused Products, being made, used, offered for sale, and/or sold in the State of Texas and/or imported into the United States to the State of Texas, including in this Judicial District.[1]

10.    Current Lighting Solutions, LLC performs, participates in, and/or directs and controls global supply chain activities (e.g., importation, distribution, sales, offering for sale, use, research and development, design, and manufacturing related to the Accused Products) of its subsidiaries, affiliated companies, alter egos and brands, including at least the BEACON, ARCHITECTURAL AREA LIGHTING, KIM, EXO, HLI, HUBBELL, HUBBELL LIGHTING, EVOLVE, EAP1, GLI, GE CURRENT, STRIKE, SILICON STRIKE, MICRO STRIKE and/or CURRENT brands (collectively, "Current Group"). These activities place infringing LED products in the U.S. stream of commerce, including in this Judicial District. Defendant delivers these infringing LED products into the U.S. stream of commerce with the expectation that they will be purchased by customers in the U.S., Texas, and this Judicial District.

11.    Current Lighting Solutions, LLC operates and maintains research and development, manufacturing, and/or distribution channels specifically designed and marketed specifically for

---

[1] *See, e.g.*, *Viper Area and Flood by Beacon*, CURRENT, https://www.youtube.com/watch?v=IYVoS7UZPkc (July 22, 2022) (last visited April 25, 2026) (showing "Type 2, "Type 3" and "Type 4" light distributions with "MICRO STRIKE OPTICS" and including a description that states "[t]he Viper low profile LED area and flood luminaire offers a large variety of IES distributions for lighting applications such as auto dealership, retail, commercial, and campus parking lots featuring two different optical technologies, Strike and Micro Strike Optics"); *Ratio Outdoor Luminaires by Beacon*, CURRENT, https://www.youtube.com/watch?v=O1ue6BqfrC8 (Aug. 22, 2022) (last visited April 25, 2026) (advertising "Ratio Outdoor Luminaires by Beacon" as "[f]eaturing Micro Strike Optics which maximizes target zone illumination with minimal losses at the house-side, reducing light trespass issues"); *EXO Outdoor Lighting*, CURRENT, https://www.youtube.com/watch?v=dJhB4mAVqew (Mar. 2, 2023) (last visited April 25, 2026) (advertising "EXO Outdoor Lighting (formerly Hubbell Outdoor Lighting" as "from Current" and as providing "AREA, SITE & ROADWAY" lighting products).

the U.S. market, including via at least its Design Center of Excellence and Lighting Solutions Center training facility in this Judicial District, and also by certifying its products with the Underwriters Laboratory for compliance with US safety standards. *See BEACON Viper Area Size 1*, HLI SOLUTIONS, INC., https://www.currentlighting.com/outdoor-lighting/viper-area-size-1/9606403 (last visited Apr. 25, 2026) (listing "cULus" certification). Current Lighting Solutions, LLC also directs and controls the infringing activities of Current Group in the United States (e.g., via importation, distribution, sales, offering for sale, use, research and development, design, and manufacturing), including infringing activities committed in the state of Texas and this Judicial District in connection with the Accused Products, for example, Current Group's products, as alleged herein. These activities evidence Defendant's intent and desire for, or in the least provide a basis for Defendant to foresee, the occurrence of infringing acts in the U.S., Texas, and this Judicial District. Thus, Defendant plays a significant, substantial, and intentional role in placing its infringing LED products within the stream of commerce as part of Current Lighting Solutions, LLC's efforts to serve both directly and indirectly the U.S. market, including the one in this Judicial District.

12.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and/or 1391(c). As alleged herein, Defendant Current Lighting Solutions, LLC has committed acts of infringement in this Judicial District. As further alleged herein, Defendant Current Lighting Solutions, LLC, via its own operations and/or employees, has a regular and established place of business in this Judicial District, for example, at 710 Hesters Crossing Rd, Suite 190, Round Rock, TX 78681 in Williamson County, Texas, among any other HPE locations owned, leased and/or operated in this Judicial District. Thus, Current Lighting Solutions, LLC may be sued in this Judicial District under 28 U.S.C. § 1400(b).

13.    Accordingly, Defendant has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this Judicial District both proper and convenient for this action.

**PATENTS-IN-SUIT**

14.    On January 12, 2021, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,891,881 entitled "LIGHTING ASSEMBLY WITH LEDS AND OPTICAL ELEMENTS." A true and correct copy of the '881 Patent is available at https://patentcenter.uspto.gov/applications/16750361.

15.    On June 20, 2017, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,685,102 entitled "LED LIGHTING ASSEMBLY WITH UNIFORM OUTPUT INDEPENDENT OF NUMBER OF NUMBER OF ACTIVE LEDS, AND METHOD." A true and correct copy of the '102 Patent is available at https://patentcenter.uspto.gov/applications/15429320.

16.    On March 7, 2017, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,589,488 entitled "LED LIGHT ASSEMBLY WITH THREE-PART LENS." A true and correct copy of the '488 Patent is available at https://patentcenter.uspto.gov/applications/14968520.

17.    On May 23, 2017, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,659,511 entitled "LED LIGHT ASSEMBLY HAVING THREE-PART OPTICAL ELEMENTS." A true and correct copy of the '511 Patent is available at https://patentcenter.uspto.gov/applications/15216562.

18.    Ultravision is the sole and exclusive owner of all right, title and interest in and to the '881, '102, '488, and '511 Patents (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing

of this patent infringement action. Ultravision also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

19.      Ultravision has marked its products in accordance with the marking provisions of 35 U.S.C. § 287 from before the time Ultravision filed its original Complaint for Patent Infringement in this case, for example, via at least the website http://ultravisioninternational.com, the website https://ultravisiontechnologies.com/, and/or Ultravision's products and/or packaging. Accordingly, each of the Asserted Patents has been identified on Ultravision's product packaging and website at least before the date the lawsuit was filed and/or dating back to at or around the time of issuance of the Asserted Patents. Via this notice provided on Ultravision's product packaging and website, Defendant has been aware of Ultravision's patents and ultimately, of its infringement of Ultravision's patents, since the time those products were marked. Accordingly, Defendant has knowledge of its infringement of the Patents-in-Suit from before the filing of this lawsuit and continuing after Ultravision filed its original Complaint for Patent Infringement in this case. Because of Defendant's awareness, it has knowingly induced infringement of the Asserted Patents and willfully infringed the Asserted Patents since first becoming aware of Ultravision's patented technology via markings on Ultravision products.

## DEFENDANT'S PRODUCTS

20. Upon information and belief, Defendant makes, uses, offers to sell, or sells within the United States or imports into the United States the Accused Products, for example, LED lighting, area lights and/or street lamps with Type II, III, or IV optics, including Defendant's BEACON brand lights, for example, RATIO (e.g., RAR2-140-4k-3 ("RAR2")), VIPER, and GEOPAK lights; ARCHITECTURAL AREA LIGHTING brand lights, for example, KICK, FLEX, and TOWNE COMMONS (e.g., ALN440 and ALN445) lights; KIM brand lights, for example, ALTITUDE, CURVILINEAR, ENTABLATURE, OURO, WARP9, THE ARCHETYPE, BOUNCE, SOLITAIRE, URBAN STRIKE OPTIC, URBAN MICRO STRIKE lights; EXO brand lights, for example, SGS SLING SITE, SLING AREA, LNC2 LITEPAK MICRO STRIKE lights; EVOLVE brand lights, for example, EAP1, ERNC, ERNM, and E2SD lights; and lights with STRIKE, SILICONE STRIKE, or MICRO STRIKE optics.

21. Images of Defendant's RAR2 product are shown below[2] and provide additional context for Defendant's infringement of the Patents-in-Suit, including, for example, the '881 Patent.

---

[2] Source for photographs: device tear down; source for Type 3 Distribution chart: https://cdn.currentlighting.com/site/brochure/Ratio_Family_Brochure_HOL0370.pdf.



a plurality of LEDs attached to the circuit board being arranged in an array of row and columns, wherein all of the LEDs attached to the circuit board are arranged in a single plane

a circuit board



circuit board

a support substrate supporting the circuit board, the support structure made of a thermally conductive material and configured to dissipate heat during operation of the LEDs

a plurality of optical elements configured to redirect light from the plurality of LEDs, each optical element being substantially the same as all other optical elements

each LED is associated with a single optical element and each optical element is associated with a single LED

configured to shape and direct light in a rectangular waveform




each optical element comprises a convex portion at least partially overlying the associated LED

the lighting apparatus is configured so that when all of the LEDs are operating a substantially rectangular surface that is off-center relative to the lighting apparatus is illuminated with an illumination level and a uniformity




**The optical elements are part of an outer surface that forms an exposed surface of the lighting apparatus**

**failure of one or more of the LEDs will cause the illumination level of light impinging the substantially rectangular surface to decrease while the uniformity of light impinging the substantially rectangular surface remains substantially the same.**




COMPLAINT FOR PATENT INFRINGEMENT - 14

22.    Additionally images of Defendant's RAR2 product are shown below[3] and provide additional context for Defendant's infringement of the Patents-in-Suit, including, for example, the '102 Patent.



**a plurality of light emitting diodes (LEDs) and a plurality of optical elements**

**a light assembly**

---

[3] Source for photographs: device tear down; source for Type 3 Distribution chart: https://cdn.currentlighting.com/site/brochure/Ratio_Family_Brochure_HOL0370.pdf.



a plurality of light emitting diodes (LEDs)

a plurality of optical elements (five examples are shown here)

each optical element **associated with** one of the plurality of LEDs and each LED **associated with** one of the optical elements



a plurality of light emitting diodes (LEDs) - (five examples are shown here).

COMPLAINT FOR PATENT INFRINGEMENT - 16



directing light away from the plurality of LEDs toward the area, wherein directing the light comprises directing the light such that light exiting from each optical element is directed across the area





a third element extending beyond the region between the first element and the second element in a direction away from the associated LED



Transparent substrate with underlying circuit board and LEDs





**a third element extending beyond the region between the first element and the second element in a direction away from the associated LED**

**Transparent substrate with underlying circuit board and LEDs**

**a first element**

**a second element**



if some of the LEDs fail to operate during directing the light away from the plurality of LEDs, the step of directing the light comprises directing the light from operative ones of the plurality of LEDs toward the area such that the light from each operative LED is directed across the area

COMPLAINT FOR PATENT INFRINGEMENT - 20

23.    Additionally images of Defendant's RAR2 product are shown below[4] and provide additional context for Defendant's infringement of the Patents-in-Suit, including, for example, the '488 Patent.




a plurality of light emitting diodes (LEDs) and a plurality of optical elements

a light assembly

---

[4] Source for photographs: device tear down; source for Type 3 Distribution chart:
https://cdn.currentlighting.com/site/brochure/Ratio_Family_Brochure_HOL0370.pdf



a plurality of light emitting diodes (LEDs)



a plurality of optical elements (five examples are shown here)



each optical element associated with one of the plurality of LEDs and each LED is associated with one of the optical elements

a plurality of light emitting diodes (LEDs) - (five examples are shown here).




directing light from the plurality of LEDs toward the area, wherein directing the light comprises directing the light from each LED of the plurality of LEDs through the associated optical element such that light exiting from each optical element of the plurality of optical elements is directed across all of the area





Transparent substrate with underlying circuit board and LEDs

a first element comprising a first convex-shaped surface

a second element comprising a second convex-shaped surface











24.     Additionally images of Defendant's RAR2 product are shown below[5] and provide additional context for Defendant's infringement of the Patents-in-Suit, including, for example, the '511 Patent.



**An apparatus comprising a lighting assembly**

---

[5] Source for photographs: device tear down.



a circuit board



a plurality of light emitting diodes (LEDs)

a circuit board



a plurality of optical elements configured to redirect light (five examples are shown here)

The plurality of LEDs (five examples are shown here).

a plurality of optical elements, wherein each optical element of the plurality of optical elements is proximate an associated LED of the plurality of LEDs

each optical element of the plurality of optical elements is separate from other optical elements of the plurality of optical elements

each optical element of the plurality of optical elements comprises a single optical element

each optical element of the plurality of optical elements comprises a single optical element that includes a first portion, a second portion and a third portion





wherein **the first portion of the optical element** and **the second portion of the optical element** are shaped so that **at least one surface normal of the first portion of the optical element** intersects with **at least one surface normal of the second portion of the optical element**

the first portion

the second portion



the first portion of the optical element comprising a first curved surface

the second portion of the optical element comprising a second curved surface

Transparent substrate with underlying circuit board and LEDs

**the first** and **second** portions of **the optical element** are configured so that light from **the associated LED** exits the associated optical element through **the first** and **the second** portions of **the optical element**



**the third portion** of **the optical element** extends beyond **the region between the first portion of the optical element and the second portion of the optical element** in **a direction away from the associated LED**;



Transparent substrate with underlying circuit board and LEDs







**the LEDs** and **optical elements** are arranged over the circuit board so that, during operation, light from light assembly does not create hot spots or result in dead spots on the area so long as some of the LEDs are functional

COMPLAINT FOR PATENT INFRINGEMENT - 31

25.    Defendant's RAR2 product has been and continues to be offered and sold under at least the BEACON, RATIO and CURRENT brands owned by Current Lighting Solutions, LLC in the United States. For example, the Current website advertising the BEACON RAR2 RATIO product offers purchasing options through an agent:





*BEACON RAR2 Ratio*, HLI SOLUTIONS, INC., https://www.currentlighting.com/outdoor-lighting/rar2-ratio/3233202 (last visited Apr. 29, 2026).

26.     Further, the "Authorized Agent" listed by Current for the "Texas" region is Bell and McCoy Lighting and Controls:





*Find an Agent*, HLI SOLUTIONS, INC., https://www.currentlighting.com/find-an-agent (last visited Apr. 29, 2026).

27.    Bell & McCoy Companies has offered and continues to offer the RAR2 product

for sale in the United States:



See *Bell & McCoy Lighting and Controls - Austin, TX*, BELL & MCCOY COMPANIES,

https://www.bellandmccoy.com/companies/lighting-controls/office/austin/line-

sheet/austin#/line_card/product/236831 (last visited on Apr. 29, 2026).

28.    Additionally, the Current website includes a webpage entitled "Where to Buy," subtitled, "Locate a Current distributor," that directs customers to where they can buy Current products, for example, the RAR2 product and EXO Sling tradeSELECT product, both offered by Current in the United States, Texas, and this Judicial District. As an example, Border States Electric Supply is listed as an "Authorized Distributor" on Current's website in Midland, Texas:



*Where to Buy*, HLI SOLUTIONS, INC., available at https://www.currentlighting.com/where-to-buy (visited June 9, 2026).

COMPLAINT FOR PATENT INFRINGEMENT - 35

29.    Border States Electric Supply sells various Accused Products on its website, including but not limited to the "Current Lighting ASL LED Area Light Fixtures LED 100 W 4000 K" product, which, according to an associated brochure on Border States Electric Supply's website, is the EXO SLING tradeSELECT product offered by Current.



*See Current Lighting ASL LED Area Light Fixtures LED 100 W 4000 K*, BORDER STATES, https://www.borderstates.com/All-Products/Lighting/Lighting-Fixtures-Components/Outdoor-Lighting/Area-Roadway-Lights-Accessories/Area-Roadway-Lights/Current-Lighting-ASL-LED-Area-Light-Fixtures/Current-Lighting-ASL-LED-Area-Light-Fixtures-LED-100-W-4000-K/p/3638605 (last visited June 9, 2026) (providing links to "Current Lighting Specification Sheet," and "Current Lighting Brochure"); *see also Area & Roadway Lights*, BORDER STATES, https://www.borderstates.com/All-Products/Lighting/Lighting-Fixtures-Components/Outdoor-Lighting/Area-Roadway-Lights-Accessories/Area-Roadway-Lights/c/ECom_Cat_101356?q=%3AmostPopular%3AstorefrontBrandName%3ACurrent%2BLighting%3AATT_Distribution%3AType%2BIII%3AATT_Distribution%3AType%2BII%252FType%2BIII%3AATT_Distribution%3AType%2BIII%2BFull%2BCutoff%3AATT_Distribution%3AType%2BIII%2BMedium%2BCutoff&text=# (last visited June 9, 2026) (showing various Current area lighting products with Type II, III, and/or IV light distribution patterns).

30.    As another example, Rexel is listed on Current's website as a business where Current products can be purchased, and Rexel offers Current products, for example, the RAR2-165-4K-4W with Type IV light distribution optics and the RAR2-165-4K-3 with Type III light distribution                                                   optics:



*Rexel*, REXEL, https://www.rexelusa.com/s/search?q=rar2 (visited Apr. 30, 2026).

31.    Accordingly, Current Lighting Solutions, LLC provides Current products and actively aids and encourages potential customers to purchase Current products in the United States, Texas, and this Judicial District, including but not limited to the Accused Products.

32.    As can be seen from these and other examples, Current Lighting Solutions, LLC has encouraged and continues to encourage others to purchase Accused Products under the Current brand owned by Current Lighting Solutions, LLC and uses and/or permits use of its copyrighted materials and its brands to encourage infringement of Ultravision's patents by those who make,

import, use, sale and/or offer to sell Accused Products in the United States. Additionally, Current Lighting Solutions, LLC has knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the Patents-in-Suit by supplying products under its brands to others in the stream of commerce for use in an infringing manner. To the extent that Current Lighting Solutions, LLC lacks knowledge of its inducement, it has been and continues to be willfully blind of the same.

33.     Additionally, the Accused Products have no substantial non-infringing uses. At least by selling the Accused Products to others, including but not limited to end users or retailers who sell to end users, Defendant has committed indirect infringement, including but not limited to contributory infringement.

## COUNT I
### (Infringement of the '881 Patent)

34.     Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

35.     Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '881 Patent.

36.     Defendant has directly infringed and continues to directly infringe one or more claims of the '881 Patent, including at least claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '881 Patent. Such products include one or more of the Accused Products, for example, Defendant's RAR2 product.

37.     Upon information and belief, each of the Accused Products (e.g., Defendant's RAR2 product) is a lighting apparatus.

38. Upon information and belief, the Accused Products (e.g., Defendant's RAR2 product) comprise a circuit board; a plurality of light emitting diodes (LEDs) attached to the circuit board, the LEDs being arranged in an array of row and columns, wherein all of the LEDs attached to the circuit board are arranged in a single plane; a support substrate supporting the circuit board, the support structure made of a thermally conductive material and configured to dissipate heat during operation of the LEDs; and a plurality of optical elements configured to redirect light from the plurality of LEDs, each optical element being substantially the same as all other optical elements and configured to shape and direct light in a rectangular waveform, wherein each LED is associated with a single optical element and each optical element is associated with a single LED, wherein each optical element comprises a convex portion at least partially overlying the associated LED, and wherein the optical elements are part of an outer surface that forms an exposed surface of the lighting apparatus.

39. Upon information and belief, each of the Accused Products (e.g., Defendant's RAR2 product) is a lighting apparatus configured so that when all of the LEDs are operating a substantially rectangular surface that is off-center relative to the lighting apparatus is illuminated with an illumination level and a uniformity.

40. Upon information and belief, failure of one or more of the LEDs in the Accused Products (e.g., Defendant's RAR2 product) will cause the illumination level of light impinging the substantially rectangular surface to decrease while the uniformity of light impinging the substantially rectangular surface remains substantially the same.

41. Each of the Asserted Patents has been identified on Ultravision's product packaging and website at least before the date the lawsuit was filed and/or dating back to at or around the time of issuance of the Asserted Patents. Via this notice provided on Ultravision's product packaging and website, Defendant has been aware of Ultravision's patents and ultimately, of its

infringement of Ultravision's patents, since the time those products were marked. Accordingly, Defendant has knowledge of its infringement of the Patents-in-Suit from before the filing of this lawsuit and continuing after Ultravision filed its original Complaint for Patent Infringement in this case. Because of Defendant's awareness, it has knowingly induced infringement of the Asserted Patents and willfully infringed the Asserted Patents since first becoming aware of Ultravision's patented technology via markings on Ultravision products.

42.     Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '881 Patent, including at least claim 1, by knowingly and intentionally inducing others, including customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including the Accused Products, for example, Defendant's RAR2 product.

43.     Defendant knowingly and intentionally induces infringement of one or more claims of the '881 Patent in violation of 35 U.S.C. § 271(b), including at least claim 1, by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including one or more of the Accused Products, for example, Defendant's RAR2 product.

44.     Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement of one or more claims of the '881 Patent by others, including at least claim 1. For example, upon information and belief, Defendant sells or otherwise provides the Accused Products, including but not limited to Defendant's RAR2 product, to distributors, installers, or U.S.-based sales entities, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

45.     At least as of the date of the filing of Ultravision's Complaint for Patent Infringement, Defendant, with knowledge that these products, or the use thereof, infringe one or more claims of the '881 Patent, including at least claim 1, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '881 Patent by supplying these products to end users for use in an infringing manner.

46.     Defendant has induced and continues to induce infringement by others of one or more claims of the '881 Patent, including at least claim 1, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '881 Patent, but while remaining willfully blind to the infringement.

47.     On information and belief, since at least the above-mentioned date or dates when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), importers, online stores, distribution partners, retailers, reseller partners, dealers, installers, OEMs, consumers, and/or related service providers that make, import, distribute, purchase, offer for sale, sell, and/or use the Accused Products that include or are made using all of the limitations of one or more claims of the '881 patent to directly infringe one or more claims of the '881 patent by making, using, offering for sale, selling, and/or importing the Accused Products. Since at least the date or dates of notice referenced above, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '881 patent. On information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by manufacturers, importers, online stores, distribution partners, retailers, reseller partners, dealers, OEMs, installers, consumers, users, and/or related service providers through at least, *inter alia*, the following activities: creating marketing materials or advertisements that promote the infringing use of the Accused Products (including but not limited

to directly placing marketing materials in the United States for Accused Products, registering, maintaining, owning and/or using the domains for currentlighting.com and led.com websites, and claiming copyrights in webpages and documents with marketing, sales, and support information for the Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States (including but not limited to directly shipping Current product, product components, and/or related materials into the U.S.; and managing supply chains for Current products, including the Accused Products); manufacturing, testing, certifying, placing and/or fulfilling orders to manufacture the Accused Products in conformity with U.S. laws and regulations (including, for example, product and/or electrical safety regulations), specifically so that consumers may be induced to purchase and use the Accused Products; distributing or making available specifications, instructions, or manuals for these products to consumers, installers, purchasers and/or prospective buyers (including but not limited to materials available at the currentlighting.com and led.com websites); using and being the owner of Current trademarks in the United States, which appear conspicuously throughout Current's websites, marketing materials, product specifications, product packaging and related materials; testing and/or certifying processes in connection with infringement of the Accused Products (for example, as indicated by certifications obtained by Current Lighting Solutions, LLC, including but not limited to certifications for locations in the United States); and/or providing technical support, product files, videos, replacement parts, and/or services for these products to purchasers in the United States (including but not limited to materials available at the currentlighting.com and led.com websites as well as other sites such as YouTube, for which Current Lighting Solutions, LLC maintains direction and control). *See, e.g.,* references cited *supra* note 1; *see also BEACON / RAR2 Ratio*, CURRENT, https://www.currentlighting.com/outdoor-lighting/rar2-ratio/3233202 (last visited June 9, 2026) (listing features of RAR2 and providing links to "Spec

Sheets," "Brochures / Catalogs," "Sell Sheets," "Design / BIM Files / 3D Models," and "Technical Documents"). Defendant also provides Accused Products with compatibility for use with typical systems in the United States. Such compatibility provides convenience and added functionality that induces consumers to use Defendant's products, including, for example, via compatible voltage, current and frequency specifications, and thus further infringe the '881 patent.

48.     On information and belief, despite having knowledge of the patent portfolio including the '881 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '881 patent and/or the patent portfolio, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Each of Defendant's infringing activities relative to the '881 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

49.     Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '881 Patent in an amount to be proved at trial.

50.     Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '881 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '102 Patent)

51.     Paragraphs 1 through 50 are incorporated by reference as if fully set forth herein.

52.     Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '102 Patent.

53.     Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '102 Patent, including at least claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products, at least said using said products satisfying each and every limitation of one or more claims of the '102 Patent. Such products include one or more of the Accused Products, for example, Defendant's RAR2 product.

54.     Upon information and belief, each of the infringing Accused Products (e.g., Defendant's RAR2 product) performs a method of illuminating an area using a light assembly that includes a plurality of light emitting diodes (LEDs) and a plurality of optical elements, each optical element associated with one of the plurality of LEDs and each LED associated with one of the optical elements.

55.     Upon information and belief, the method comprises directing light away from the plurality of LEDs toward the area, wherein directing the light comprises directing the light such that light exiting from each optical element is directed across the area.

56.     Upon information and belief, each optical element of the Accused Products (e.g., Defendant's RAR2 product) includes: a first element; a second element that intersects with the first element in a region between the first element and the second element, wherein the first element and the second element are shaped so that at least one surface normal of the first element intersect with at least one surface normal of the second element; and a third element extending

beyond the region between the first element and the second element in a direction away from the associated LED.

57.    Upon information and belief, if some of the LEDs of the Accused Products (e.g., Defendant's RAR2 product fail) to operate during directing the light away from the plurality of LEDs, the step of directing the light comprises directing the light from operative ones of the plurality of LEDs toward the area such that the light from each operative LED is directed across the area.

58.    Upon information and belief, one or more of the Accused Products, for example, Defendant's RAR2 product, has no substantial non-infringing uses.

59.    Each of the Asserted Patents has been identified on Ultravision's product packaging and website at least before the date the lawsuit was filed and/or dating back to at or around the time of issuance of the Asserted Patents. Via this notice provided on Ultravision's product packaging and website, Defendant has been aware of Ultravision's patents and ultimately, of its infringement of Ultravision's patents, since the time those products were marked. Accordingly, Defendant has knowledge of its infringement of the Patents-in-Suit from before the filing of this lawsuit and continuing after Ultravision filed its original Complaint for Patent Infringement in this case. Because of Defendant's awareness, it has knowingly induced infringement of the Asserted Patents and willfully infringed the Asserted Patents since first becoming aware of Ultravision's patented technology via markings on Ultravision products.

60.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '102 Patent, including at least claim 1, by knowingly and intentionally inducing others, including customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United

States and/or importing into the United States products that include infringing technology, including the Accused Products, for example, Defendant's RAR2 product.

61.    Defendant knowingly and intentionally induces infringement of one or more claims of the '102 Patent in violation of 35 U.S.C. § 271(b), including at least claim 1, by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including one or more of the Accused Products, for example, Defendant's RAR2 product.

62.    Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement of one or more claims of the '102 Patent by others, including at least claim 1. For example, upon information and belief, Defendant sells or otherwise provides the Accused Products, including but not limited to Defendant's RAR2 product, to distributors, installers, or U.S.-based sales entities, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

63.    At least as of the date of the filing of Ultravision's Complaint for Patent Infringement, Defendant, with knowledge that these products, or the use thereof, infringe one or more claims of the '102 Patent, including at least claim 1, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '102 Patent by supplying these products to end users for use in an infringing manner.

64.    Defendant has induced and continues to induce infringement by others of one or more claims of the '102 Patent, including at least claim 1, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '102 Patent, but while remaining willfully blind to the infringement.

65.    On information and belief, since at least the above-mentioned date or dates when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), importers, online stores, distribution partners, retailers, reseller partners, dealers, installers, OEMs, consumers, and/or related service providers that make, import, distribute, purchase, offer for sale, sell, and/or use the Accused Products that include or are made using all of the limitations of one or more claims of the '102 patent to directly infringe one or more claims of the '102 patent by making, using, offering for sale, selling, and/or importing the Accused Products. Since at least the date or dates of notice referenced above, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '102 patent. On information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by manufacturers, importers, online stores, distribution partners, retailers, reseller partners, dealers, OEMs, installers, consumers, users, and/or related service providers through at least, *inter alia*, the following activities: creating marketing materials or advertisements that promote the infringing use of the Accused Products (including but not limited to directly placing marketing materials in the United States for Accused Products, registering, maintaining, owning and/or using the domains for currentlighting.com and led.com websites, and claiming copyrights in webpages and documents with marketing, sales, and support information for the Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States (including but not limited to directly shipping Current product, product components, and/or related materials into the U.S.; and managing supply chains for Current products, including the Accused Products); manufacturing, testing, certifying, placing and/or fulfilling orders to manufacture the Accused Products in conformity with U.S. laws and regulations (including, for example, product and/or electrical safety regulations), specifically so that consumers may be induced to purchase and use the Accused Products; distributing or

making available specifications, instructions or manuals for these products to consumers, installers, purchasers and/or prospective buyers (including but not limited to materials available at the currentlighting.com and led.com websites); using and being the owner of Current trademarks in the United States, which appear conspicuously throughout Current's websites, marketing materials, product specifications, product packaging and related materials; testing and/or certifying processes in connection with infringement of the Accused Products (for example, as indicated by various certifications obtained by Current Lighting Solutions, LLC, including but not limited to certifications for locations in the United States); and/or providing technical support, product files, videos, replacement parts, and/or services for these products to purchasers in the United States (including but not limited to materials available at the currentlighting.com and led.com websites as well as other sites such as YouTube, for which Current Lighting Solutions, LLC maintains direction and control). *See, e.g.,* references cited *supra* note 1; *see also  BEACON / RAR2 Ratio*, CURRENT, https://www.currentlighting.com/outdoor-lighting/rar2-ratio/3233202 (last visited June 9, 2026) (listing features of RAR2 and providing links to "Spec Sheets," "Brochures / Catalogs," "Sell Sheets," "Design / BIM Files / 3D Models," and "Technical Documents"). Defendant also provides Accused Products with compatibility for use with typical systems in the United States. Such compatibility provides convenience and added functionality that induces consumers to use Defendant's products, including, for example, via compatible voltage, current and frequency specifications, and thus further infringe the '102 patent.

66.     On information and belief, despite having knowledge of the patent portfolio including the '102 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '102 patent and/or the patent portfolio, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Each of

Defendant's infringing activities relative to the '102 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

67.    Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '102 Patent in an amount to be proved at trial.

68.    Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '102 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '488 Patent)

69.    Paragraphs 1 through 68 are incorporated by reference as if fully set forth herein.

70.    Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '488 Patent.

71.    Upon information and belief, Defendant has directly infringed and continues to directly infringe one or more claims of the '488 Patent, including at least claim 1, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products, at least said using said products satisfying each and every limitation of one or more claims of the '488 Patent. Such products include one or more of the Accused Products, for example, Defendant's RAR2 product.

72.    Upon information and belief, each of the infringing Accused Products (e.g., Defendant's RAR2 product) performs a method of illuminating an area using an apparatus

comprising a light assembly that includes a plurality of light emitting diodes (LEDs) and a plurality of optical elements, each optical element associated with one of the plurality of LEDs and each LED is associated with one of the optical elements.

73. Upon information and belief, the method comprises directing light from the plurality of LEDs toward the area, wherein directing the light comprises directing the light from each LED of the plurality of LEDs through the associated optical element such that light exiting from each optical element of the plurality of optical elements is directed across all of the area.

74. Upon information and belief, each optical element of the plurality of optical elements in the Accused Products (e.g., Defendant's RAR2 product) includes a first element comprising a first convex-shaped surface, a second element comprising a second convex-shaped surface that intersects with the first convex-shaped surface at an acute angle in a region between the first element and the second element, wherein the light from the associated LED exits the associated optical element through the first and the second convex-shaped surfaces, and a third element extending beyond the first convex-shaped element and the second convex-shaped element in a direction away from the associated LED.

75. Upon information and belief, one or more of the Accused Products, for example, Defendant's RAR2 product, has no substantial non-infringing uses.

76. Each of the Asserted Patents has been identified on Ultravision's product packaging and website at least before the date the lawsuit was filed and/or dating back to at or around the time of issuance of the Asserted Patents. Via this notice provided on Ultravision's product packaging and website, Defendant has been aware of Ultravision's patents and ultimately, of its infringement of Ultravision's patents, since the time those products were marked. Accordingly, Defendant has knowledge of its infringement of the Patents-in-Suit from before the filing of this lawsuit and continuing after Ultravision filed its original Complaint for Patent Infringement in

this case. Because of Defendant's awareness, it has knowingly induced infringement of the Asserted Patents and willfully infringed the Asserted Patents since first becoming aware of Ultravision's patented technology via markings on Ultravision products.

77.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '488 Patent, including at least claim 1, by knowingly and intentionally inducing others, including customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including one or more of the Accused Products, for example, Defendant's RAR2.

78.    Defendant knowingly and intentionally induces infringement of one or more claims of the '488 Patent in violation of 35 U.S.C. § 271(b), including at least claim 1, by actively encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including one or more of the Accused Products, for example, Defendant's RAR2.

79.    Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement of one or more claims of the '488 Patent by others, including at least claim 1. For example, upon information and belief, Defendant sells or otherwise provides the Accused Products, including but not limited to Defendant's RAR2, to distributors, installers, or U.S.-based sales entities, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

80.    At least as of the date of the filing of Ultravision's Complaint for Patent Infringement, Defendant, with knowledge that these products, or the use thereof, infringe one or more claims of the '488 Patent, including at least claim 1, knowingly and intentionally induced,

and continues to knowingly and intentionally induce, direct infringement of the '488 Patent by supplying these products to end users for use in an infringing manner.

81.    Defendant has induced and continues to induce infringement by others of one or more claims of the '488 Patent, including at least claim 1, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '488 Patent, but while remaining willfully blind to the infringement.

82.    On information and belief, since at least the above-mentioned date or dates when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), importers, online stores, distribution partners, retailers, reseller partners, dealers, installers, OEMs, consumers, and/or related service providers that make, import, distribute, purchase, offer for sale, sell, and/or use the Accused Products that include or are made using all of the limitations of one or more claims of the '488 patent to directly infringe one or more claims of the '488 patent by making, using, offering for sale, selling, and/or importing the Accused Products. Since at least the date or dates of notice referenced above, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '488 patent. On information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by manufacturers, importers, online stores, distribution partners, retailers, reseller partners, dealers, OEMs, installers, consumers, users, and/or related service providers through at least, *inter alia*, the following activities: creating marketing materials or advertisements that promote the infringing use of the Accused Products (including but not limited to directly placing marketing materials in the United States for Accused Products, registering, maintaining, owning and/or using the domains for currentlighting.com and led.com websites, and claiming copyrights in webpages and documents with marketing, sales, and support information

for the Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States (including but not limited to directly shipping Current product, product components, and/or related materials into the U.S.; and managing supply chains for Current products, including the Accused Products); manufacturing, testing, certifying, placing and/or fulfilling orders to manufacture the Accused Products in conformity with U.S. laws and regulations (including, for example, product and/or electrical safety regulations), specifically so that consumers may be induced to purchase and use the Accused Products; distributing or making available specifications, instructions, or manuals for these products to consumers, installers, purchasers and/or prospective buyers (including but not limited to materials available at the currentlighting.com and led.com websites); using and being the owner of Current trademarks in the United States which appear conspicuously throughout Current's websites, marketing materials, product specifications, product packaging and related materials; testing and/or certifying processes in connection with infringement of the Accused Products (for example, as indicated by various certifications obtained by Current Lighting Solutions, LLC, including but not limited to certifications for locations in the United States); and/or providing technical support, product files, videos, replacement parts, and/or services for these products to purchasers in the United States (including but not limited to materials available at the currentlighting.com and led.com websites as well as other sites such as YouTube, for which Current Lighting Solutions, LLC maintains direction and control). *See, e.g.,* references cited *supra* note 1; *see also  BEACON / RAR2 Ratio,* CURRENT, https://www.currentlighting.com/outdoor-lighting/rar2-ratio/3233202 (last visited June 9, 2026) (listing features of RAR2 and providing links to "Spec Sheets," "Brochures / Catalogs," "Sell Sheets," "Design / BIM Files / 3D Models," and "Technical Documents"). Defendant also provides Accused Products with compatibility for use with typical systems in the United States. Such compatibility provides convenience and added

COMPLAINT FOR PATENT INFRINGEMENT - 53

functionality that induces consumers to use Defendant's products, including, for example, via compatible voltage, current and frequency specifications, and thus further infringe the '488 patent.

83.    On information and belief, despite having knowledge of the patent portfolio including the '488 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '488 patent and/or the patent portfolio, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Each of Defendant's infringing activities relative to the '488 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

84.    Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '488 Patent in an amount to be proved at trial.

85.    Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '488 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '511 Patent)

86.    Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

87.    Ultravision has not licensed or otherwise authorized Defendant to make, use, offer to sell, or sell within the United States or import into the United States any products that embody the inventions of the '511 Patent.

88.    Defendant has directly infringed and continues to directly infringe one or more claims of the '511 Patent, including at least claim 1, either literally or under the doctrine of

equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '511 Patent. Such products include one or more of the Accused Products, for example, Defendant's RAR2 product.

89.    Upon information and belief, each of the Accused Products (e.g., Defendant's RAR2 product) is an apparatus comprising a lighting assembly for illumination of an area.

90.    Upon information and belief, the lighting assembly comprises a circuit board; a plurality of light emitting diodes (LEDs) overlying the circuit board; and a plurality of optical elements, wherein each optical element of the plurality of optical elements is proximate an associated LED of the plurality of LEDs, wherein each optical element of the plurality of optical elements is separate from other optical elements of the plurality of optical elements, and wherein each optical element of the plurality of optical elements comprises a single optical element that includes a first portion, a second portion and a third portion.

91.    Upon information and belief, the first portion of the optical element comprises a first curved surface.

92.    Upon information and belief, the second portion of the optical element comprises a second curved surface that intersects with the first portion of the optical element in a region between the first portion of the optical element and the second portion of the optical element, wherein the first portion of the optical element and the second portion of the optical element are shaped so that at least one surface normal of the first portion of the optical element intersects with at least one surface normal of the second portion of the optical element and wherein the first and second portions of the optical element are configured so that light from the associated LED exits the associated optical element through the first and the second portions of the optical element.

93.    Upon information and belief, the third portion of the optical element extends beyond the region between the first portion of the optical element and the second portion of the optical element in a direction away from the associated LED.

94.    Upon information and belief, the LEDs and optical elements are arranged over the circuit board so that, during operation, light from light assembly does not create hot spots or result in dead spots on the area so long as some of the LEDs are functional.

95.    Each of the Asserted Patents has been identified on Ultravision's product packaging and website at least before the date the lawsuit was filed and/or dating back to at or around the time of issuance of the Asserted Patents. Via this notice provided on Ultravision's product packaging and website, Defendant has been aware of Ultravision's patents and ultimately, of its infringement of Ultravision's patents, since the time those products were marked. Accordingly, Defendant has knowledge of its infringement of the Patents-in-Suit from before the filing of this lawsuit and continuing after Ultravision filed its original Complaint for Patent Infringement in this case. Because of Defendant's awareness, it has knowingly induced infringement of the Asserted Patents and willfully infringed the Asserted Patents since first becoming aware of Ultravision's patented technology via markings on Ultravision products.

96.    Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '511 Patent, including at least claim 1, by knowingly and intentionally inducing others, including customers, installers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling within the United States and/or importing into the United States products that include infringing technology, including the Accused Products, for example, Defendant's RAR2 product.

97.    Defendant knowingly and intentionally induces infringement of one or more claims of the '511 Patent in violation of 35 U.S.C. § 271(b), including at least claim 1, by actively

encouraging others to make, use, offer to sell, and/or sell within the United States and/or import into the United States products, including one or more of the Accused Products, for example, Defendant's RAR2 product.

98.     Upon information and belief, with knowledge and intent, or with willful blindness, Defendant is encouraging and facilitating infringement of one or more claims of the '511 Patent by others, including at least claim 1. For example, upon information and belief, Defendant sells or otherwise provides the Accused Products, including but not limited to Defendant's RAR2 product, to distributors, installers, or U.S.-based sales entities, knowing that these entities intend to make, use, offer to sell, and/or sell the products within the United States and/or import the products into the United States.

99.     At least as of the date of the filing of Ultravision's Complaint for Patent Infringement, Defendant, with knowledge that these products, or the use thereof, infringe one or more claims of the '511 Patent, including at least claim 1, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '511 Patent by supplying these products to end users for use in an infringing manner.

100.     Defendant has induced and continues to induce infringement by others of one or more claims of the '511 Patent, including at least claim 1, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '511 Patent, but while remaining willfully blind to the infringement.

101.     On information and belief, since at least the above-mentioned date or dates when Defendant was on notice of its infringement, Defendant has actively induced, under 35 U.S.C. § 271(b), importers, online stores, distribution partners, retailers, reseller partners, dealers, installers, OEMs, consumers, and/or related service providers that make, import, distribute,

purchase, offer for sale, sell, and/or use the Accused Products that include or are made using all of the limitations of one or more claims of the '511 patent to directly infringe one or more claims of the '511 patent by making, using, offering for sale, selling, and/or importing the Accused Products. Since at least the date or dates of notice referenced above, Defendant does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '511 patent. On information and belief, Defendant intends to cause, and has taken affirmative steps to induce, infringement by manufacturers, importers, online stores, distribution partners, retailers, reseller partners, dealers, OEMs, installers, consumers, users, and/or related service providers through at least, *inter alia*, the following activities: creating marketing materials or advertisements that promote the infringing use of the Accused Products (including but not limited to directly placing marketing materials in the United States for Accused Products, registering, maintaining, owning, and/or using the domains for currentlighting.com and led.com websites, and claiming copyrights in webpages and documents with marketing, sales, and support information for the Accused Products); creating and/or maintaining established distribution channels for the Accused Products into and within the United States (including but not limited to directly shipping Current product, product components, and/or related materials into the U.S.; and managing supply chains for Current products, including the Accused Products); manufacturing, testing, certifying, placing and/or fulfilling orders to manufacture the Accused Products in conformity with U.S. laws and regulations (including, for example, product and/or electrical safety regulations), specifically so that consumers may be induced to purchase and use the Accused Products; distributing or making available specifications, instructions or manuals for these products to consumers, installers, purchasers and/or prospective buyers (including but not limited to materials available at the currentlighting.com and led.com websites); using and being the owner of Current trademarks which appears conspicuously throughout Current's websites, marketing materials,

product packaging and related materials; testing and/or certifying processes in connection with infringement of the Accused Products (for example, as indicated by various certifications obtained by Current Lighting Solutions, LLC, including but not limited to certifications for locations in the United States); and/or providing technical support, product files, videos, replacement parts, and/or services for these products to purchasers in the United States (including but not limited to materials available at the currentlighting.com and led.com websites as well as other sites such as YouTube, for which Current Lighting Solutions, LLC maintains direction and control). *See, e.g.,* references cited *supra* note 1; *see also  BEACON / RAR2 Ratio*, CURRENT, https://www.currentlighting.com/outdoor-lighting/rar2-ratio/3233202 (last visited June 9, 2026) (listing features of RAR2 and providing links to "Spec Sheets," "Brochures / Catalogs," "Sell Sheets," "Design / BIM Files / 3D Models," and "Technical Documents"). Defendant also provides Accused Products with compatibility for use with typical systems in the United States. Such compatibility provides convenience and added functionality that induces consumers to use Defendant's products, including, for example, via compatible voltage, current and frequency specifications, and thus further infringe the '511 patent.

102. On information and belief, despite having knowledge of the patent portfolio including the '511 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '511 patent and/or the patent portfolio, Defendant has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Each of Defendant's infringing activities relative to the '511 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

103.    Ultravision has suffered damages as a result of Defendant's direct and indirect infringement of the '511 Patent in an amount to be proved at trial.

104.    Ultravision has suffered and will continue to suffer irreparable harm as a result of Defendant's infringement of the '511 Patent for which there is no adequate remedy at law unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Ultravision hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ultravision prays for relief against Defendant as follows:

a.      entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.      an order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, instrumentalities and those persons in privity, active concert or participation with it, from further acts of direct and/or indirect infringement of the Patents-in-Suit including the manufacture, sale, offer for sale, importation and use of the infringing products;

c.      a full accounting for and an award of damages to Ultravision for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, including enhanced damages pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

d.      entry of judgment declaring that this case is exceptional and awarding Ultravision its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.      such other and further relief as the Court deems just and proper.

Dated:  June 22, 2026                              Respectfully submitted,

                                                   */s/ Jeffrey R. Bragalone*
                                                       Jeffrey R. Bragalone (lead attorney)
                                                       Texas Bar No. 02855775
                                                       E-mail: jbragalone@bosfirm.com
                                                       Terry A. Saad
                                                       Texas Bar No. 24066015
                                                       E-mail: tsaad@bosfirm.com
                                                       Marcus Benavides
                                                       Texas Bar No. 24035574
                                                       E-mail: mbenavides@bosfirm.com
                                                       Brandon V. Zuniga
                                                       Texas Bar no. 24088720
                                                       E-mail: bzuniga@bosfirm.com
                                                       Mark M.R. Douglass
                                                       Texas Bar No. 24131184
                                                       E-mail: mdouglass@bosfirm.com
                                                   **BRAGALONE OLEJKO SAAD PC**
                                                   901 Main Street
                                                   Suite 3800
                                                   Dallas, Texas 75202
                                                   Telephone:  (214) 785-6670
                                                   Facsimile:   (214) 785-6680

                                                   **ATTORNEYS FOR PLAINTIFF
                                                   ULTRAVISION TECHNOLOGIES,
                                                   LLC**